**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| WILLIAM LOWREY,<br><br>Plaintiff,<br><br>v.<br><br>TWILIO INC., OPENAI, L.L.C., and FRESH START GROUP LLC,<br><br>Defendants. | Civil Action No. 6:25-cv-116-MFU |

**DEFENDANT FRESH START GROUP'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Fresh Start Group, LLC ("FSG"), by counsel, pursuant to Fed R. Civ. P. 12(b)(6) files the following motion to dismiss Counts VII and VIII of the Complaint, the only two counts to which it is a defendant. The Complaint mistakenly identifies FSG as the entity that "initiated" or originated unwanted telemarketing contacts to Mr. Lowrey. Because FSG conducts no marketing activities, and its only business activity is owning and managing a commercial property, the Complaint should be dismissed as to it.

## INTRODUCTION

FSG is barely mentioned in Complaint, first appearing on page 12 and then appearing only sporadically in the next three pages. *See* ECF 1, at pp. 12-15 (Compl. ¶¶ 61-63, 72, 91-93). It then disappears from the Complaint while more than 20 pages of additional allegations are leveled against its two co-defendants. FSG finally reappears in paragraph 211, on page 34 of the 38-page document. The Complaint's actual aim is to cast a wide net to capture the two "big fish" in the case, Defendants Open AI and Twilio, while using FSG's supposed messages as a means to ensnare these tech giants under a novel reading of the TCPA. The Complaint makes no virtually no effort to introduce or describe FSG or what it does (or importantly does not do).

Other than social media accounts mentioning it, there is nothing tying FSG to any contact with Plaintiff or alleging any facts that support the conclusion that FSG relied upon Twilio's marketing platform to send unwanted text messages to Plaintiff.

The Complaint provides no factual support connecting FSG to either Twilio, Open AI, or the alleged messages. In fact, the only due diligence that Plaintiff apparently performed prior to naming FSG as a defendant was to check the local land records to see where Plaintiff speculated that the messages originated from and to perform social media research on an unrelated website called "Probate Cures." *See* ECF 1 at p. 13 (Compl. ¶ 72). While FSG happens to be the owner of that real estate, it otherwise conducts no regular business, and exists only as the owner of the locating Plaintiff believes is connected to the messages. Because FSG has been randomly chosen in a case of mistaken identity, the Complaint must be dismissed as to it.

**STANDARD OF REVIEW**

The purpose of Rule 12(b)(6) is to test the sufficiency of the complaint, not to resolve factual disputes or weigh defenses that turn on contested facts. A complaint survives dismissal if it contains enough factual matter to state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining plausibility standard and rejecting conclusory assertions). In applying this standard, courts accept well-pled allegations as true and draw reasonable inferences in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating that Rule 12(b)(6) is not a mechanism for resolving merits questions). Limitations and other affirmative defenses may be resolved at this stage only when all facts necessary to establish the defense appear on the face of the complaint and its properly considered exhibits. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*) (permitting early resolution only where the bar is apparent). In addition, courts can consider declarations and take judicial notice

of records to decide whether allegations are plausible. *See Ross v. TK Elevator Corp.,* 2026 U.S. Dist. LEXIS 23754 (D. Md. 2026) (considering defendant's declaration in granting 12(b)(6) motion).

**ARGUMENT**

**<u>FSG HAS NEVER CONTACTED PLAINTIFF.</u>**

FSG has never contracted with Twilio or Open AI for any services. FSG performs no marketing activities, since its only "business" is ownership of a single office property. FSG does not market its services because it has no services to market. Exhibit 1 (Declaration of FSG's manager, Cathy Mathwes) at ¶ 3. It appears that Plaintiff, in his haste to find a marketing nexus to two corporate giants, mistakenly assumed that FSG was the conduit for communications to him.

It is axiomatic that in order to obtain relief, a plaintiff must first identify a defendant who has actually caused harm. *Katti v. Arden*, 161 F.4th 217, 227 (4th Cir. 2024) ("Without an allegation that *these* defendants were involved, there is no way the district court could have reasonably inferred that they treated Katti and a similarly situated comparator differently. Try as he might, Katti cannot pin the institutional actions of NCSU on the individual defendants in this case") (emphasis in original). This fundamental pleading requirement holds true here as well—there must be some facts connecting this defendant to the alleged wrong.

Instead, Plaintiff simply connects FSG's ownership of commercial property at 15430 Pouncey Tract Road, Rockville, VA 23146 (the "Property") to one or more of the phone numbers displayed means that FSG and concludes that FSG *must have* initiated the

communications, with little additional factual support.[1] Because FSG did not and could not have initiated any marketing contact with Plaintiff, the Complaint must be dismissed.

As the declaration of FSG's managing member reveals, FSG could not have initiated the undesired communications, and could not have engaged another to do so on its behalf. *See* Exhibit 1 at ¶¶ 2-4. FSG was formed to be and always has operated as a single purpose entity created to own one asset—the Property. *Id.* at ¶ 2. While FSG does in fact own the Property it performs no other services and does not conduct any marketing activities. *Id.* at ¶ 4. It admits it owns the Property, but it does not perform any marketing or related activities and is not a telemarketer. *Id.* at ¶¶ 3-4. It has no subcontracts and didn't authorize anyone to market on its behalf, as it has no services to market. *See id.*

The Complaint is remarkably long on the history and background of Twilio and its services, but it fails to allege a set of facts that identifies FSG in a meaningful way or describe the services it was allegedly marketing to Plaintiff. No website is referenced and no agreements between FSG and either Open AI or Twilio are offered as exhibits. The initials "FSG" are mentioned in calls purportedly received by Plaintiff but none of the phone numbers he tried to call back could be connected to FSG. *See* ECF 1, p. 14 (Compl. at ¶ 89). The Complaint doesn't say, for example, that Plaintiff received a text identifying Fresh Start Group or why Fresh Start Group would have initiated the call (or caused it to be initiated.) In thirty-eight pages, one is left

[1] Plaintiff apparently used a combination of reverse phone number look-up and county land ownership information to support his conclusion that the Property is owned by FSG. Notably, the 38-page complaint fails to allege that FSG operated any business that involves marketing or that it attempted to sell him any product or service. He merely alleges it "initiated" calls from the Property. *See, e.g.*, Complaint at ¶¶ 62-63 and 91-93 (FSG owns the Property and messages referred to an entity with the acronym "FSG," which supposedly stood for "Fresh Start Group"). No text or transcript of the actual message is included. ECF 1 at p. 15 (Compl. ¶ 93) (alleging that the initials FSG "also is the acronym for Fresh Start Group" without claiming that anyone told him that).

to wonder what service or product FSG or the other Defendants purported to sell Mr. Lowery. For these reasons, and the assumption that that FSG initiated any of the unwanted calls or text messages fails for lack of factual support.

The Complaint merely assumes that FSG—because of some social media accounts and internet research suggesting a murky connection to a website called Probate Cures—initiated contact with Plaintiff without his consent.[2] There are no facts or documents (such as screen shots or websites) that show FSG is in the real estate, probate or direct marketing business. Nor is there any allegation that FSG directed anyone else to solicit Plaintiff for any reason.

## CONCLUSION

The Complaint fails to state supporting the conclusion that FSG made unwanted calls or sent unwanted messages to Plaintiff in violation of the TCPA or that anyone acting on behalf of FSG did so. It also fails to identify any contract or agreement with Open AI or Twilio suggesting FSG authorized those entities to engage with Plaintiff. Because Plaintiff must identify the party making the alleged unwanted solicitations—and FSG has demonstrated that it could not have been responsible for them--the Complaint must be dismissed as to FSG.

Respectfully submitted,

FRESH START GROUP, LLC
By Counsel

[2] At one point in the Complaint, Plaintiff admits he identified an organization called "ProbateCures.com" – not FSG—as the party that initiated unwanted calls. ECF 1 at p. 13 (Compl. ¶ 71). Based on social media research, Plaintiff then concludes that FSG was somehow behind these communications. FSG has no affiliation with ProbateCures. *See* Exhibit 1 at ¶ 5.

IMPRESA LEGAL GROUP

*<u>/s/ George E. Kostel</u>*
George E. Kostel, Esq. (VSB # 34757)
Richard K. Kelsey, Esq. (VSB # 44232)
Impresa Legal Group
3101 Wilson Blvd., Suite 500
Arlington, VA 22201
Tel: (703) 842-0660
Email: georgekostel@impresalegal.com
Email: richkelsey@impresalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026 a true and correct copy of Defendant Fresh Start Group's Memorandum in Support of its Motion to Dismiss was filed using the Court's electronic filing system which will send a notice of electronic filing (NEF) to all counsel of record as follows:

Craig Carley Marchiando
Consumer Litigation Associates
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
757-930-3660
Email: craig@clalegal.com

Kevin Anthony Dillon
Voice For Justice Law PLLC
626 E. Broad St., Suite 300
Richmond, VA 23219
804-277-9441
Email: kevin@voiceforjustice.law
Counsel for Plaintiff

Brent R Gary
Holland & Knight
1650 Tysons Boulevard, Ste 1700
Tysons, VA 22102
703-720-8038
Fax: 703-720-8610
Email: brent.gary@hklaw.com
Counsel for Defendant Twilio, Inc.

Krystal Brunner Swendsboe
Stephen J. Obermeier
Boyd Garriott
Jenny J. Broggi
Michael E. Toner
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
202-719-4197
Email: kswendsboe@wiley.law
Email: sobermeier@wiley.law
Counsel for Defendant Open AI, LLC

*/s/ George E. Kostel*

George E. Kostel, Esq.